Neil G. Westesen
Griffin B. Stevens
E. Lars Phillips
CROWLEY FLECK PLLP
900 N. Last Chance Gulch
P.O. Box 797
Helena, MT 59624-0797
Telephone: (406) 449-4165
nwestesen@crowleyfleck.com
gstevens@crowleyfleck.com
lphillips@crowleyfleck.com

*Attorneys for Jennifer Weddle and*
*Greenberg Traurig LLP*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| FORT BELKNAP INDIAN COMMUNITY PLANNING AND DEVELOPMENT CORPORATION D/B/A ISLAND MOUNTAIN DEVELOPMENT GROUP ("IMDG"); JEFFREY STIFFARM; GENO LEVALDO; DEREK AZURE; BRIAN WING; and CURTIS HORN,<br><br>                    Plaintiffs,<br><br>v.<br><br>JENNIFER WEDDLE, and GREENBERG TRAURIG LLP,<br><br>                    Defendants. | Case No. 4:23-CV-00054-BMM<br><br><br><br>**ANSWER** |

Defendants Jennifer Weddle and Greenberg Traurig LLP (collectively "Defendants") provide this Answer to the Complaint, Doc. 1, filed by Plaintiffs Fort Belknap Indian Community Planning and Development Corporation d/b/a Island Mountain Development Group ("IMDG"), Jeffrey Stiffarm, Geno LeValdo, Derek Azure, Brian Wing, and Curtis Horn.

For over a decade, Defendants diligently advised IMDG regarding the Tribe's consumer lending businesses. Those efforts included advising IMDG and IMDG-managed affiliates regarding various agreements with third parties, some of which extended commercial credit to the consumer lending businesses ("Lenders"). Pursuant to those agreements, IMDG and the Fort Belknap Indian Community Council ("FBICC" or "the Council") repeatedly confirmed to the Lenders that IMDG's Board was validly constituted and fully empowered to take all actions with respect to the consumer lending businesses.  In five separate Council Resolutions that were expressly incorporated into the Lenders' contracts between 2018 and 2021, the Council promised not to interfere with the IMDG Board or any Tribal entity.

On January 19, 2023, the Council improperly removed the entire IMDG Board without cause.  Shortly thereafter, the Lenders declared an Event of Default, confirmed that Event of Default in an email from their counsel, and then submitted a formal Event of Default letter to IMDG and President Stiffarm on January 20,

2023.  The Lenders exercised their rights under the operative agreements, seized the Collateral, including control of the lending business bank accounts, and instructed IMDG to observe their obligations under the contracts.

Allegations concerning an alleged transfer of assets to the Rosebud Sioux Tribe are untrue. The IMDG Board and executives sought only to preserve Tribal member employment after the Lenders had already seized the Collateral following the Event of Default.  No temporary transfer of any IMDG asset was ever acted upon, and confidential consideration of temporary servicing assistance that would have preserved tribal member employment caused no damage whatsoever.

The Council is solely responsible for the consequences of its actions, not the attorneys or the law firm named as Defendants in this lawsuit.  No Greenberg Traurig attorneys were in Montana on January 19 or 20  No Greenberg Traurig attorneys spoke at any public meetings or posted to any social media about any matter involving IMDG.  The issues set forth in the Complaint reflect an internal political dispute having nothing to do with Greenberg Traurig's longtime legal representation of its clients.

## I.    INTRODUCTION

1.    Defendants deny the allegations stated in Paragraph 1 of the Complaint.

2.      At all times, Defendants acted in the best interests of their clients. Defendants deny the allegations stated in Paragraph 2 of the Complaint.

3.      Defendants admit that four members of the Council convened a Special Meeting on January 19, 2023. Defendants deny the remaining allegations stated in Paragraph 3 of the Complaint.

4.      Defendants admit they advised IMDG that the Council's purported removal of the entire IMDG Board without cause and President Stiffarm's appointment of certain Council members as the "Interim Board" could constitute an Event of Default under IMDG's agreements with the Lenders.  Defendants admit that they advised IMDG that the consequences of an Event of Default could include seizure of IMDG assets and loss of IMDG jobs. Defendants admit that a large number of IMDG employees attended the Special Meeting in person and by Zoom. Defendants admit that IMDG's Board and executive leadership granted employees administrative leave to be able to engage with their Tribal government. Defendants lack sufficient information to admit or deny the remaining allegations stated in Paragraph 4 of the Complaint.

5.      Defendants admit that Defendant Weddle attended conference calls between IMDG representatives and the Lenders after the Council's meeting on January 19, 2023. Defendants deny the remaining allegations stated in Paragraph 5 of the Complaint.

6.      Defendants admit that the Lenders issued a Notice of Default letter on January 20, 2023.  Defendants deny the remaining allegations stated in Paragraph 6 of the Complaint.

7.      Defendants admit that the Lenders issued a notice of default letter on January 20, 2023. Defendants lack sufficient information to admit or deny the remaining allegations stated in Paragraph 7 of the Complaint.

8.      Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations stated in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations stated in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations stated in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations stated in Paragraph 12 of the Complaint.

## II.      JURISDICTION AND VENUE

13.     Defendants admit that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and that the dispute is between

citizens of different states.  Defendants deny the remaining allegations stated in Paragraph 13 of the Complaint.

14.     Defendants admit that this Court has personal jurisdiction over the Defendants as alleged in Paragraph 14 of the Complaint. Defendants deny the referenced bank accounts are located in Montana.

15.      Defendants admit that venue is proper in this District. Defendants deny the remaining allegations stated in Paragraph 15 of the Complaint.

16.     Defendants admit that assignment to this District is appropriate. Defendants deny the remaining allegations stated in Paragraph 16 of the Complaint.

### III.   PARTIES

### **Plaintiff IMDG**

17.     Defendants admit the allegations stated in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations stated in Paragraph 18 of the Complaint.

19.     Defendants admit that IMDG manages several businesses, including several businesses which operate short-term, small dollar installment-based consumer lending portfolios, and that IMDG is bound to operate in compliance with its governing documents and the terms of the agreements it has with third

parties. Defendants deny the remaining allegations stated in Paragraph 19 of the Complaint.

20.     Defendants admit that IMDG's principal place of business is in Hays, Montana, located within the exterior boundaries of the Fort Belknap Indian Reservation and that IMDG is incorporated under the laws of the Tribe. IMDG is governed by corporate documents that speak for themselves. Defendants deny that IMDG is registered with the Montana Secretary of State as a corporation formed in the State of Montana. Defendants deny the remaining allegations stated in Paragraph 20 of the Complaint.

21.     Defendants admit that GVA Holdings, LLC ("GVA Holdings") is a holding company and that the Tribe is the sole member of GVA Holdings. Defendants admit that GVA Holdings' wholly owned subsidiaries conduct short-term, small-dollar installment-based lending portfolios.

**Plaintiff Jeffrey Stiffarm**

22.     On information and belief, Defendants admit that Plaintiff Stiffarm was elected President of the Council following elections held in November 2021. On information and belief, Defendants admit that Plaintiff Stiffarm has been a member of the Council since 2016, and that he was a member of the Council between 2018 and 2021. On information and belief, Defendants admit that Plaintiff Jeffrey Stiffarm is an enrolled member of the Gros Ventre (Aaniiih) Tribe, is the

current President of the Council, and is a resident of the Fort Belknap Indian Reservation. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations stated in Paragraph 23 of the Complaint.

24.     Defendants admit the allegation in Paragraph 24 of the Complaint that Plaintiff Stiffarm has served in different capacities on the Council. Defendants lack sufficient knowledge to admit or deny the remaining allegations stated in Paragraph 24 of the Complaint.

25.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 25 of the Complaint.

26.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 26 of the Complaint.

**<u>Plaintiff Geno LeValdo</u>**

27.     On information and belief, Defendants admit that Plaintiff LeValdo is an enrolled member of the Gros Ventre (Aaniiih) Tribe, was elected to the Council in November 2021, and is a resident of the Fort Belknap Indian Reservation. Defendants deny the remaining allegations stated in Paragraph 27 of the Complaint.

28.     Upon information and belief, Defendants admit that Plaintiff LeValdo has worked for many years as a Fort Belknap Juvenile Probation officer and that he has coached varsity basketball at Harlem and Hays Lodgepole.

29.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 29 of the Complaint.

30.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 30 of the Complaint.

**Plaintiff Derek Azure**

31.     On information and belief, Defendants admit that Plaintiff Azure is an enrolled member of the Assiniboine (Nakoda) Tribe and a member of the Council. Defendants deny the remaining allegations stated in Paragraph 31 of the Complaint.

32.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 32 of the Complaint.

**Plaintiff Brian Wing**

33.     On information and belief, Defendants admit that Plaintiff Wing is an enrolled member of the Assiniboine (Nakoda) Tribe, a member of the Council, and a resident of the Fort Belknap Indian Reservation. Defendants deny the remaining allegations stated in Paragraph 33 of the Complaint.

34.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 34 of the Complaint.

35.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 35 of the Complaint.

### Plaintiff Curtis Horn

36.     On information and belief, Defendants admit that Plaintiff Curtis Horn is an enrolled member of the Assiniboine (Nakoda) Tribe and a member of the Council. Defendants deny the remaining allegations stated in Paragraph 36 of the Complaint.

37.     Defendants lack sufficient knowledge to admit or deny the allegations stated in Paragraph 37 of the Complaint.

38.     On information and belief, Defendants admit the allegations stated in Paragraph 38 of the Complaint.

### Defendants

39.     Defendants admit that they are former legal counsel to IMDG. Defendants deny the remaining allegations stated in Paragraph 39 of the Complaint.

### Defendant Jennifer Weddle

40.     Defendants admit that Defendant Weddle is an individual and a resident of the State of Colorado.

10

41.     Defendants admit that Defendant Weddle is a shareholder of Defendant Greenberg Traurig LLP in the Denver, Colorado office of the law firm.

42.     Defendants admit that they served as legal counsel for IMDG and represented IMDG for approximately thirteen years until Plaintiff LeValdo terminated that representation by letter on February 10, 2023. Defendants deny the remaining allegations stated in Paragraph 42 of the Complaint.

43.     Defendants admit that Defendant Weddle acted within the scope of her duties as Greenberg Traurig shareholder and lawyer while representing IMDG.

44.     Defendants admit that Defendant Weddle transacted business within the State of Montana.

45.     Defendants admit that Defendant Weddle represented IMDG for approximately thirteen years until Plaintiff LeValdo terminated that representation by letter on February 10, 2023.

**Defendant Greenberg Traurig LLP**

46.     Defendants admit that Greenberg Traurig LLP is a limited liability partnership organized under the laws of the state of New York.  Defendants deny the remaining allegations stated in Paragraph 46 of the Complaint.

47.     Defendants admit that Defendant Weddle is a shareholder of Greenberg Traurig LLP and that she is currently the co-chair of the law firm's American Indian Law Practice group.

48.     Defendants admit that Greenberg Traurig entered into certain contractual agreements with IMDG for legal services and provided legal services on behalf of IMDG for approximately thirteen years until Plaintiff LeValdo terminated that representation on February 10, 2023. Defendants deny the remaining allegations stated in Paragraph 48 of the Complaint.

## IV.   FACTS COMMON TO ALL COUNTS

49.     Defendants admit that IMDG and certain IMDG affiliates are parties to certain agreements with the Lenders.

### Defendants did not undermine the Council's authority, and acted at all times to preserve and protect IMDG interests.

50.     Defendants deny the allegations stated in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations stated in Paragraph 51 of the Complaint.

52.     On information and belief, Defendants admit that IMDG employees attended the January 19, 2023 special meeting in person and via Zoom. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations stated in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations stated in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations stated in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations stated in Paragraph 56 of the Complaint.  Plaintiffs have misled this Court by providing an out of context screen shot of Defendant Weddle's text messages.  The referenced communication includes the following complete exchange and reflect Defendant Weddle's green "thumbs up" to confirmation that employees had been told to go back to work:



## Events Leading up to the Special Meeting

57.    Defendants deny the allegations stated in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations stated in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations stated in Paragraph 59 of the Complaint.

60.    Defendants admit that Plaintiff Stiffarm communicated with then-IMDG CEO Terry Brockie and the Prior Board in 2022. Defendants deny the remaining allegations stated in Paragraph 60 of the Complaint.

61.    Defendants admit that Plaintiff Stiffarm sent a letter to Mr. Brockie dated February 1, 2022. Plaintiff Stiffarm's February 1, 2022 letter to Mr. Brockie and the IMDG governing documents speak for themselves. Defendants deny the remaining allegations stated in Paragraph 61 of the Complaint.

62.    Defendants admit that the IMDG Board (including Plaintiff Horn's spouse) responded to Plaintiff Stiffarm's February 1, 2022 letter by a letter dated February 3, 2022, and that IMDG did not provide Plaintiff Stiffarm with the position and salary of every IMDG employee. Defendants admit a true and correct copy of Plaintiff Stiffarm's letter to Mr. Brockie is attached to the Complaint as Exhibit A. Defendants admit a true and correct copy of IMDG's February 3, 2022

letter to Plaintiff Stiffarm is attached to the Complaint as Exhibit B. Defendants deny the remaining allegations stated in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations stated in Paragraph 63 of the Complaint.

64.     Defendants admit that a true and accurate copy of a letter sent to Mr. Brockie by President Stiffarm dated April 7, 2022, is attached as Exhibit C to the Complaint. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65.     The letters referenced in Paragraph 65 of the Complaint speak for themselves. Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendants admit that a true and correct copy of Plaintiff Stiffarm's July 27, 2022 letter to Mr. Brockie and the Prior Board is attached to the Complaint as Exhibit D. Plaintiff Stiffarm's July 27, 2022 letter speaks for itself. Defendants deny the remaining allegations stated in Paragraph 66 of the Complaint.

67.     Defendants admit that Mr. Brockie responded to Plaintiff Stiffarm's July 27, 2022 letter on August 19, 2022. Mr. Brockie's thorough response speaks for itself. Defendants deny the remaining allegations stated in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations stated in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations stated in Paragraph 69 of the Complaint.

## Defendants did not interfere with IMDG operations or trigger an Event of Default.

70.     Defendants deny that they interfered with IMDG operations or triggered an Event of Default.  The Lenders informed CEO Terry Brockie of the Event of Default via telephone on January 19, 2023.  On January 20, 2023, the Lenders' counsel emailed a Notice of Event of Default to IMDG attached as Exhibit 1.  Counsel for the Lenders then sent a follow up letter confirming the Event of Default attached as Exhibit 2.  Defendants deny the remaining allegations stated in Paragraph 70 of the Complaint.

71.     The Default Notice speaks for itself. Defendants deny the remaining allegations stated in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations stated in Paragraph 72 of the Complaint.

73.     Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations stated in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations stated in Paragraph 75 of the Complaint.

**Defendant Weddle followed her client IMDG's instructions.**

76.     Defendants deny that they refused to comply with their legitimate client's instructions. Defendants admit the remaining allegations stated in Paragraph 76 of the Complaint.

77.     Defendants provided copies of IMDG's agreements with the Lenders to the Interim Board immediately upon request. Defendants deny the remaining allegations stated in Paragraph 77 of the Complaint.

78.     Defendants admit that Defendant Weddle and the Lenders flew to Montana on January 30, 3023 and that Defendant Weddle drove them to and from the Fort Belknap Reservation on January 31, 2023.

79.     Defendants admit that Defendant Weddle drove representatives of the Lenders back to Billings, Montana, following their meeting with the Council. Defendants deny the remaining allegations stated in Paragraph 79 of the Complaint.

80.     The Lenders' February 3, 2023, letter speaks for itself, and is attached as Exhibit 3. Defendants admit the Lenders requested a certification that the appointment of the Interim Board complied with Tribal law and IMDG

organizational documents. Defendants deny the remainder of the allegations in Paragraph 80 of the Complaint.

81.     The Lenders' February 3, 2023, letter speaks for itself. Defendants lack sufficient information to admit or deny whether IMDG has continued to refuse to comply with the requests made by the Lenders after February 10, 2023. Defendants deny the remaining allegations stated in Paragraph 81 of the Complaint.

82.     Defendants admit Plaintiff LeValdo terminated their representation of IMDG by letter on February 10, 2023. Defendants lack sufficient information to admit or deny allegations regarding information obtained by the Interim Board after February 10, 2023. Defendants deny the remainder of the allegations in Paragraph 82 of the Complaint.

83.     Defendants admit that Defendant Weddle communicated with the Lenders' counsel and stated that her legal opinions were no longer in effect as they were based on a set of facts that were no longer correct. Defendants deny the remaining allegations stated in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations stated in Paragraph 84 of the Complaint.

**<u>Defendant Weddle did not attempt to improperly transfer IMDG's
assets to the Rosebud Sioux Tribe; at the time options were considered,
the Lenders had already seized the Collateral, including control of the
lending business bank accounts and the associated commercial paper.</u>**

85.     Defendants deny the allegations stated in Paragraph 85 of the

Complaint.

86.     Defendants deny the allegations stated in Paragraph 86 of the

Complaint.

87.     Defendants deny the allegations stated in Paragraph 87 of the

Complaint.

88.     Defendants deny the allegations stated in Paragraph 88 of the

Complaint.

89.     Defendants admit Defendant Weddle was legal counsel for IMDG as

of January 24, 2023. Defendants deny the remainder of the allegations in

Paragraph 89.

90.     Defendants admit that the potential temporary transfer of certain

IMDG assets outside of the collateral was only discussed after the Lenders

declared an Event of Default and had seized the IMDG collateral. Defendants deny

the remaining allegations stated in Paragraph 90 of the Complaint.

91.     Defendants admit no transfer of any IMDG assets to the Rosebud

Sioux Tribe ever occurred. Defendants deny the remaining allegations stated in

Paragraph 91 of the Complaint.

92.     Defendants admit that Tracy "Ching" King and Christopher "Smiley" Guardipee were the two members of the "ad hoc executive committee" previously established by IMDG in 2018 to ensure operational IMDG's operational stability in the event the IMDG Board was unable to achieve a quorum. Defendants deny the remaining allegations stated in Paragraph 92 of the Complaint.

93.     Defendants admit that IMDG established an ad hoc executive committee in 2018. Defendants deny the remaining allegations stated in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations stated in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations stated in Paragraph 95 of the Complaint.

### Defendants have not engaged in improper billing practices.

96.     Defendants deny the allegations stated in Paragraph 96 of the Complaint.

97.     Defendants admit IMDG paid Defendants a total of $2,850,000 for legal services rendered during 2022 and admit that this amount reflected payments for work completed by Defendants in previous years that was outstanding. Defendants deny the remaining allegations stated in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations stated in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations stated in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations stated in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations stated in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations stated in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations stated in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations stated in Paragraph 104 of the Complaint.

## V.    FACTS COMMON TO INDIVIDUAL PLAINTIFF JEFFREY STIFFARM'S CAUSES OF ACTION

105.    Defendants reassert each of the preceding responses to the allegations in the Complaint.

106.    Defendants deny that the Council voted to appoint the Interim Board on January 19, 2023. Defendants lack sufficient information to admit or deny the remaining allegations stated in Paragraph 106 of the Complaint.

107.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 107 of the Complaint.

108.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 108 of the Complaint.

109.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 109 of the Complaint.

110.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 110 of the Complaint.

111.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations stated in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations stated in Paragraph 113 of the Complaint.

## VI.   FACTS COMMON TO INDIVIDUAL PLAINTIFF GENO LEVALDO'S CAUSES OF ACTION

114.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

115.   Defendants deny that the Council voted to appoint the Interim Board on January 19, 2023. Defendants lack sufficient information to admit or deny the remaining allegations stated in Paragraph 115 of the Complaint.

116.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 116 of the Complaint.

117.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 117 of the Complaint.

118.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 118 of the Complaint.

119.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 119 of the Complaint.

120.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations stated in Paragraph 121 of the Complaint.

122.   Defendants deny the allegations stated in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations stated in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations stated in Paragraph 124 of the Complaint.

## VII.   FACTS COMMON TO INDIVIDUAL PLAINTIFF GENO LEVALDO'S CAUSES OF ACTION

125.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

126.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 126 of the Complaint.

127.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 127 of the Complaint.

128.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 128 of the Complaint.

129.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 129 of the Complaint.

130.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 130 of the Complaint.

131.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 131 of the Complaint.

132.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 132 of the Complaint.

133.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 133 of the Complaint.

134.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 134 of the Complaint.

135.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 135 of the Complaint.

136.   Defendants admit that Mr. Brockie advised Plaintiff Azure and other Council members that their actions could lead to an Event of Default and IMDG employees could lose their jobs, among other consequences.  Defendants deny the remaining allegations stated in Paragraph 136 of the Complaint.

137.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 137 of the Complaint.

138.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 138 of the Complaint.

139.   Defendants deny the allegations stated in Paragraph 139 of the Complaint.

140.   Defendants deny the allegations stated in Paragraph 140 of the Complaint.

141.   Defendants deny the allegations stated in Paragraph 141 of the Complaint.

142.   Defendants deny the allegations stated in Paragraph 142 of the Complaint.

## VIII.  FACTS COMMON TO INDIVIDUAL PLAINTIFF BRIAN WING'S CAUSES OF ACTION

143.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

144.   Defendants deny that the Council replaced the Prior Board on January 19, 2023. On information and belief, Defendants admit the remainder of the allegations stated in Paragraph 144 of the Complaint.

145.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 145 of the Complaint.

146.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 146 of the Complaint.

147.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 147 of the Complaint.

148.   Defendants deny the allegations stated in Paragraph 148 of the Complaint.

149.   Defendants deny the allegations stated in Paragraph 149 of the Complaint.

150.   Defendants deny the allegations stated in Paragraph 150 of the Complaint.

151.   Defendants deny the allegations stated in Paragraph 151 of the Complaint.

152.   Defendants deny the allegations stated in Paragraph 152 of the Complaint.

153.   Defendants deny the allegations stated in Paragraph 153 of the Complaint.

154.   Defendants deny the allegations stated in Paragraph 154 of the Complaint.

155.   Defendants deny the allegations stated in Paragraph 155 of the Complaint.

## IX.   FACTS COMMON TO INDIVIDUAL PLAINTIFF CURTIS HORN'S CAUSES OF ACTION

156.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

157.   Defendants deny the Council voted to appoint the Interim Board on January 19, 2023. On information and belief, Defendants admit the remaining allegations of Paragraph 157 of the Complaint.

158.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 158 of the Complaint.

159.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 159 of the Complaint.

160.   Defendants lack sufficient information to admit or deny the allegations stated in Paragraph 160 of the Complaint.

161.   Defendants deny the allegations stated in Paragraph 161 of the Complaint.

162.   Defendants admit that Defendant Weddle attended meetings of the Interim Board by Zoom. Defendants admit that the Lenders informed the Interim Board that seizure of IMDG assets was a potential consequence of the Event of Default. Defendants deny the remaining allegations stated in Paragraph 162 of the Complaint.

163.   Defendants deny the allegations stated in Paragraph 163 of the Complaint.

164.   Defendants deny the allegations stated in Paragraph 164 of the Complaint.

165.   Defendants deny the allegations stated in Paragraph 165 of the Complaint.

166.   Defendants deny the allegations stated in Paragraph 166 of the Complaint.

## X.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:

### Tortious Interference with Business Relationship or Prospective Economic Advantage (Against Both Defendants by Plaintiff IMDG)

167.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

168.    Defendants deny the allegations stated in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations stated in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations stated in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations stated in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations stated in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations stated in Paragraph 173 of the Complaint.

## SECOND CLAIM FOR RELIEF:

## Professional Negligence (Against Both Defendants by Plaintiff IMDG)

174.    Defendants reassert each of the preceding responses to the allegations in the Complaint.

175.    Defendants admit that they had those duties imposed by law and contract. Defendants deny that those duties are accurately stated in Paragraph 175 and specifically deny that they breached those duties.

176.   Defendants deny the allegations stated in Paragraph 176 of the Complaint.

177.   Defendants deny the allegations stated in Paragraph 177 of the Complaint.

178.   Defendants deny the allegations stated in Paragraph 178 of the Complaint.

179.   Defendants deny the allegations stated in Paragraph 179 of the Complaint.

## THIRD CLAIM FOR RELIEF (ALTERNATIVE TO SECOND CLAIM FOR RELIEF):

### Breach of Fiduciary Duty (Against Both Defendants by Plaintiff IMDG)

180.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

181.   Defendants deny the allegations stated in Paragraph 181 of the Complaint.

182.   Defendants deny the allegations stated in Paragraph 182 of the Complaint.

183.   Defendants deny the allegations stated in Paragraph 183 of the Complaint.

184.   Defendants deny the allegations stated in Paragraph 184 of the Complaint.

185.   Defendants deny the allegations stated in Paragraph 185 of the Complaint.

186.   Defendants deny the allegations stated in Paragraph 186 of the Complaint.

187.   Defendants deny the allegations stated in Paragraph 187 of the Complaint.

188.   Defendants deny the allegations stated in Paragraph 188 of the Complaint.

189.   Defendants deny the allegations stated in Paragraph 189 of the Complaint.

## <u>FOURTH CLAIM FOR RELIEF:</u>

### <u>Intentional Infliction of Emotion Distress (Against Both Defendants by Individual Plaintiffs)</u>

190.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

191.   Defendants deny the allegations stated in Paragraph 191 of the Complaint.

192.   Defendants deny the allegations stated in Paragraph 192 of the Complaint.

193.   Defendants deny the allegations stated in Paragraph 193 of the Complaint.

194.   Defendants deny the allegations stated in Paragraph 194 of the Complaint.

195.   Defendants deny the allegations stated in Paragraph 195 of the Complaint.

196.   Defendants deny the allegations stated in Paragraph 196 of the Complaint.

197.   Defendants deny the allegations stated in Paragraph 197 of the Complaint.

198.   Defendants deny the allegations stated in Paragraph 198 of the Complaint.

## FIFTH CLAIM FOR RELIEF:

### Negligent Infliction of Emotional Distress (Against Both Defendants by Individual Plaintiffs)

199.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

200.   Defendants deny the allegations stated in Paragraph 200 of the Complaint.

201.   Defendants deny the allegations stated in Paragraph 201 of the Complaint.

202.   Defendants deny the allegations stated in Paragraph 202 of the Complaint.

203.   Defendants deny the allegations stated in Paragraph 203 of the Complaint.

204.   Defendants deny the allegations stated in Paragraph 204 of the Complaint.

205.   Defendants deny the allegations stated in Paragraph 205 of the Complaint.

206.   Defendants deny the allegations stated in Paragraph 206 of the Complaint.

207.   Defendants deny the allegations stated in Paragraph 207 of the Complaint.

208.   Defendants deny the allegations stated in Paragraph 208 of the Complaint.

## **SIXTH CLAIM FOR RELIEF:**

### **Civil Conspiracy (Against All Defendants by All Plaintiffs)**

209.   Defendants reassert each of the preceding responses to the allegations in the Complaint.

210.   Defendants deny the allegations stated in Paragraph 210 of the Complaint.

211.   Defendants deny the allegations stated in Paragraph 211 of the Complaint.

212.   Defendants deny the allegations stated in Paragraph 212 of the Complaint.

213.   Defendants deny the allegations stated in Paragraph 213 of the Complaint.

214.   Defendants deny the allegations stated in Paragraph 214 of the Complaint.

## GENERAL DENIAL

Defendants deny all allegations stated in the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

Subject to discovery which may reveal additional affirmative defenses, Defendants assert the following affirmative defenses:

1.   This Court may ultimately lack subject matter jurisdiction over the claims asserted in this lawsuit based on lack of standing or justiciability concerns, including the political question doctrine.

2.   As to each cause of action alleged in the Complaint, Plaintiffs fail to state a claim upon which relief can be granted.

3.   Plaintiffs have failed to allege an injury sufficient to state a claim for intentional infliction of emotional distress or negligent infliction of emotional distress.

4.     Plaintiffs' alleged damages, if any, are the result of the actions of the Council.

5.     Without admitting liability, Defendants affirmatively allege that the Council, or other parties and/or third parties not joined in this action were legally responsible or otherwise at fault, in whole or in part, for the damages alleged by Plaintiffs.

6.     The Council's actions were an independent, intervening cause of Plaintiffs' alleged damages. Defendants' conduct was neither the cause-in-fact of Plaintiffs' alleged injuries, nor the proximate cause of Plaintiffs' alleged injuries. *Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶¶ 38–39, 342 Mont. 335, 181 P.3d 601.

7.     The Council's actions were an intervening superseding cause of Plaintiffs' alleged damages. *Faulconbridge v. State*, 2006 MT 198, ¶ 81, 333 Mont. 186, 142 P.3d 777.

8.     Plaintiffs' damages, if any, were caused by unforeseeable, intervening and independent factors unrelated to the actions of Defendants.

9.     Plaintiffs' damages, if any, are barred entirely or reduced by their failure to mitigate.

10.    Plaintiffs' damages, if any, were caused by its own actions or omissions or the actions or omissions of persons or entities over whom Defendants did not have control.

11.    Plaintiffs' claims are barred, in whole or in part, by statutes of limitation or other time-based defenses.

12.    Plaintiffs' damages, if any, must be reduced in whole or in part by their own comparative fault.

13.    Plaintiffs are estopped from pursuing the relief sought in the Complaint by reason of their own action(s), inaction(s), course of conduct, or by the actions, agreement, or course of conduct of their agents.

14.    For any damages Plaintiff IMDG may recover for the claims alleged in the Complaint, Defendants are entitled to a set off.

15.    For any damages Plaintiff IMDG may recover for the claims alleged in the Complaint, Defendants are entitled to recoupment.

16.    Plaintiffs' claims are barred by the doctrine of unclean hands.

17.    Plaintiffs fail to state a claim for punitive damages.

18.    Plaintiffs' request for punitive damages is barred because this matter arises from a contract or breach of contract and Defendants are not guilty of actual fraud or actual malice. Mont. Code Ann. §§ 27–1–220(2)(a); Mont. Code Ann. § 27–1–221.

19.     Any award of punitive damages in this matter would violate Defendants' rights as established by the United States Constitution, including but not limited to due process and equal protection under the law, as well as the applicable provisions of the Montana Constitution, and would be improper under the common law and public policies of the State of Montana.

20.     Defendants hereby provide notice that they intend to rely upon such other affirmative defenses as they may become available or apparent during the course of discovery or other proceedings in this action, and reserves the right to amend this list to assert other applicable defenses that Defendants may be entitled to assert.

## RELIEF REQUESTED

NOW THEREFORE, Defendants respectfully request that:

A.     Plaintiffs take nothing by way of their Complaint;

B.     The Court dismiss the claims asserted in Plaintiffs' Complaint with prejudice;

C.     The Court enter judgment in favor of Defendants and against Plaintiffs on all of Plaintiffs' claims;

D.     The Court award Defendants their reasonable attorney's fees and costs; and

E.      That Defendants be granted such other and further relief as this Court

deems just and proper.

Dated this 6th day of November, 2023.

CROWLEY FLECK PLLP


By /s/ Neil G. Westesen
Neil G. Westesen
Griffin B. Stevens
E. Lars Phillips
P.O. Box 797
Helena, MT 59624-0797
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2023, a true and correct copy of the foregoing was delivered by the following means to the following:

[ ] U.S. Mail        Terryl T. Matt, Esq.
[ ] FedEx           MATT LAW OFFICE, PLLC
[ ] Hand-Delivery  310 E Main Street
[ ] E-Mail          Cut Bank, MT 59427
[x] ECF            terrylm@mattlawoffice.com

                       Jeffrey G. Winter, Esq.
                       DUROCHER &WINTER, P.C.
                       P.O. Box 1629
                       Great Falls, MT 59401
                       jwinter@mtlawyers.net

                       /s/ Neil G. Westesen
                       Neil G. Westesen