**MATT LAW OFFICE, PLLC**
**Terryl T. Matt, Esq.**
310 East Main Street
Cut Bank, MT  59427
Telephone:  (406) 873-4833
Fax No.:      (406) 873-0744
terrylm@mattlawoffice.com

**Jeffrey G. Winter, Esq.**
**Durocher & Winter, P.C.**
118 6th Street South
P.O. Box 1629
Great Falls, Montana 59401
Telephone: (406) 727-4020
Facsimile: (406) 771-7319
Email: jwinter@mtlawyers.net

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| JEFFREY STIFFARM, GENO LEVALDO, DEREK AZURE, BRIAN WING, AND CURTIS HORN,<br><br>        Plaintiffs,<br><br>    v.<br><br>JENNIFER WEDDLE, AND GREENBERG TRAURIG LLP,<br>        Defendants. | Case No. 4:23-CV-00054-BMM<br><br>**PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

1

Plaintiffs respectfully submit this Preliminary Pretrial Statement pursuant to this Court's November 6, 2023 Order and Local Rule 16.2(b).

**A.    Brief Factual Outline of the Case**

In addition to any facts stipulated to by all parties, Plaintiffs provide the following:

Plaintiffs are currently or are former members of the Fort Belknap Community Council (the "Tribal Council" or "Council"), the governing body of the Gros Ventre (Aaniiih) and Assiniboine (Nakoda) Tribes of the Fort Belknap Indian Community of Montana ("FBIC" or "Tribe").  The Tribal Council is the owner of Fort Belknap Community Planning and Development Corporation d/b/a Island Mountain Development Group (IMDG).  The Tribal Council established IMDG in 2006 to bring much needed revenue, economic development, and job opportunities to those on the Reservation.  IMDG is governed by a Board of Directors appointed by the Tribal Council.

Defendants Jennifer Weddle and her law firm, Greenberg Traurig LLP (Greenberg Traurig), served as legal counsel for IMDG and its

2

affiliates for over thirteen years.  Beginning in 2018, Defendant Weddle represented IMDG in connection with the financing transactions between IMDG and various third-party lenders (the "Lenders").

The Tribal Council became increasingly concerned that Defendant Weddle was using IMDG for her own financial benefit after the IMDG Board persisted in refusing to provide financial information about the transactions with Lenders and IMDG's business activities.  The Tribal Council also began discovering significant unexplained debts, losses of revenue, and evidence of other potentially serious improprieties at IMDG.

The Tribal Council also became concerned about the legitimacy of the membership of the IMDG Board of Directors under IMDG's organization documents and Tribal law, as many of the Board members terms were already expired or set to expire in March 2022.

FBIC President, Plaintiff Jeffrey Stiffarm, initiated communications with then-IMDG Chief Executive Officer (CEO) Terry Brockie and the IMDG Board of Directors early in 2022 requesting information related to IMDG's Board of Directors term limits, IMDG's payroll, including the

salaries of the members of IMDG's Board of Directors, and information related to the financing agreements between IMDG, its affiliates, and the Lenders.  At the direction of Defendant Weddle, Mr. Brockie refused to provide the requested information and stated all Board members' terms would expire in January 2024.

Based on the evidence of financial improprieties at IMDG, as well as IMDG's failure to ensure or confirm the legitimacy of the IMDG Board of Directors, the Tribal Council set a special meeting for January 19, 2023 and voted to appoint six sitting Tribal Council members to the Interim Board.

After receiving notice of the special meeting, Defendant Weddle began contacting members of the prior IMDG Board and IMDG executive staff inciting them to harass and threaten the Council members who had scheduled the special meeting.  Specifically, Defendant Weddle told IMDG employees that if the Council appointed new board members, IMDG's third-party lenders would revolt by freezing bank accounts and assets, and leave the Fort Belknap Reservation, which would leave hundreds of tribal members and IMDG employees without jobs.

After the Tribal Council voted to appoint an Interim Board, Defendant Weddle also informed IMDG administrative staff not to go to work the next day but instead appear at the Tribal Council's chambers and demand that the Tribal Council rescind its action. Defendant Weddle told the IMDG employees they would lose their jobs and it was the fault of the five Tribal Council members voting to appoint a new Board. Defendant Weddle went so far as to text a group IMDG employees asking if the employees were going to "stake out" at the Tribal Council members' homes.

On January 20, 2023, and for several days thereafter, the Individual Plaintiff Tribal Council members were attacked. On January 20, over 200 angry employees all on paid administrative leave from IMDG, together with members of their families, swarmed the tribal offices demanding that the prior Board be reinstated. The Tribal Council had to call for law enforcement to control the crowd that gathered. The Councilmembers found threatening messages on their car windshields and one Councilmember's beloved horse was found shot a few days later.

5

Also after the special meeting on January 19, 2023, in the middle of the night, Defendant Weddle called the Lenders, to whom she had no duty, to inform them of the Tribal Council's action in appointing an interim Board and stated that in her opinion, the appointment violated Tribal law and constituted an Event of Default under the Agreements.  As a direct result of Defendant Weddle's action, which was not taken at her client IMDG's direction, the Lenders notified IMDG of an Event of Default under the lending agreements on January 20, 2023.

After receiving the Event of Default notice from the Lenders, the Tribal Council requested copies of the lending agreements from Defendants Weddle and Greenberg Traurig.  Defendants refused to provide their client, IMDG, with copies of the agreements.  Defendant Weddle continued to insist without explanation that the Agreements were confidential and could not be shared or reviewed by anyone other than herself.

On February 10, 2023, the Interim Board terminated its engagement with Defendants Weddle and Greenberg Traurig based, in part, on their

refusal to provide their client with copies of the Agreements.  Defendant Weddle again contacted the Lenders and informed them she was withdrawing her legal opinions she provided in connection with the Agreements and that IMDG's appointment of an Interim Board violated Tribal law and IMDG's organizational documents.

On March 28, 2023, the Interim Board discovered documents, letters, emails, and text messages from Defendant Weddle in which she advised certain members of the prior IMDG Board to sign documents dated January 22, 2023, effectively authorizing conversion of all IMDG tribal online lending businesses, including all IMDG's assets, businesses, and jobs, out of the state of Montana to the Rosebud Sioux Tribe in South Dakota.  Defendant Weddle attempted to effectuate this transfer through two prior Board Members, Tracy "Ching" King and Christopher "Smiley" Guardipee, acting as an "ad hoc executive committee" of the prior Board. The ad hoc executive committee was established in 2018 but had rarely if ever been used.  Defendant Weddle's attempt to use the inactive committee, whose members were no longer seated on the IMDG Board,

was a blatant play to bypass the authority of the newly appointed Interim Board and continue to conceal information from the Tribal Council.

Further, Defendants knew that their injury caused to IMDG, a wholly owned tribal entity, would also cause injury to the Plaintiffs.  In addition to their attempts to transfer IMDG's assets so they could continue controlling the company for their own financial benefit, Defendants' goal of their actions was to injure the Plaintiffs.  Upon information and belief the Defendants recommended or guided employees of IMDG and their relatives to take action to remove Plaintiffs from their elected offices in January 2023, and also concerning the election in the latter part of 2023. This advice was given despite the fact that the Defendants were acting as legal representatives for the Tribe and its affiliated organizations in January of 2023.

**B.    Jurisdiction and Venue**

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, providing diversity jurisdiction, as this matter in controversy

8

exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

This Court further has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367, allowing the exercise of supplemental jurisdiction.

**C. & D. Factual Basis and Legal Theories of Each Claim.**

1. **Defendants have intentionally and negligently inflicted severe emotional distress on the Individual Tribal Councilmember Plaintiffs by participating in and devising a plan to physically and emotionally harm Plaintiffs in attempt to gain control of them and have them reverse their decision to appoint the Interim Board.**

"[A] plaintiff's independent or 'stand alone' claim for intentional or negligent infliction of emotional distress can be maintained only upon a showing that the plaintiff suffered 'serious' or 'severe' emotional distress as the reasonably foreseeable consequence of the defendant's act or omission." *Puryer v. HSBC Bank USA, Nat'l Ass'n*, 2018 MT 124, ¶ 38, 391 Mont. 361, 419 P.3d 105 (overruled in part on other grounds, *Odom v. Bank of N.Y. Mellon*, 2020 MT 58, at n.3, 399 Mont. 552, 459 P.3d 225).   A

9

plaintiff's emotional distress is "serious" or "severe" if it is such that "that no reasonable person could be expected to endure it." *Puryer*, ¶7 38.

Defendants negligently and intentionally inflicted severe emotional distress on the Individual Councilmember Plaintiffs by participating in and devising a plan to have IMDG employees and their family retaliate against and harm the Plaintiffs physically and emotionally in attempt to gain control of them and have them rescind their decision to appoint the Interim Board. Defendants' outrageous conduct was the direct and proximate cause of the Plaintiffs' serious, severe, and ongoing emotional distress, which is justified and reasonable under the circumstances.

Further, Defendants negligently and intentionally acted to injure the Individual Tribal Council members through their interference and attempt to control IMDG's business management, operations, and governance by refusing to take any action to ensure the legitimacy of the Prior Board even after being notified by the Tribal Council that the existing members' terms had expired. Defendants also intentionally and willfully acted to interfere with IMDG's business management, operations, and governance by

10

refusing the Tribal Council's legitimate requests for financial information related to IMDG and its affiliates; advising the Lenders that the Tribal Council's appointment of an Interim Board constituted an Event of Default; wrongfully withholding IMDG's agreements with the Lenders and other relevant information requested by the Tribal Council, the owners of IMDG; advising members of the Prior Board to transfer all IMDG lending businesses, assets, and jobs to an out-of-state tribe in effort to undermine and conceal information from the IMDG Interim Board; and communicating with the Lenders regarding the validity of the appointment of the Interim Board, both before and after IMDG terminated Defendants as legal counsel, causing a continuation of the claimed Event of Default.

Defendants' intentional and negligent conduct further constitutes actual malice under § 27-1-221(2), MCA, because Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of harm to the Plaintiffs, and deliberately proceeded to act in conscious or intentional disregard, or indifference to, the high probability

of injury to the Plaintiffs.  As such, Defendants are liable to each Individual Plaintiff for punitive damages pursuant to §§ 27-1-220 and -221, MCA.

 2. **Defendants and others, constituting two or more persons, had an object of using IMDG for their own financial benefit during the course of their representation of IMDG, and undertook unlawful, overt acts in furtherance of their objective and to influence Plaintiffs' governance of IMDG.**

Civil conspiracy is established by the following elements: "(1) two or more persons . . . ; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof."  *Sullivan v. Cherewick*, 2017 MT 38, ¶ 24, 386 Mont. 350, 391 P.3d 62.

 Defendants and others, including prior Board members of the inactive "ad hoc" committee, which constitute two or more persons, had a meeting of the minds to accomplish their objective of using IMDG for their own financial benefit during the course of their representation of IMDG, to the detriment of IMDG and the Plaintiffs, who are current or former members of the Tribal Council, the sole owner of IMDG.

Defendants and the others undertook unlawful, overt acts to undermine the IMDG Interim Board and the Tribal Council to influence IMDG and Plaintiffs' governance of IMDG so that Defendants could continue to further their objective of using IMDG for their own financial benefit.  These overt acts include Defendants refusing to take action to ensure the legitimacy of the IMDG's prior Board, even after being put on notice by the Tribal Council that the existing members' terms had expired. Defendants further took overt acts in furtherance of their objective of using IMDG for their own financial benefit by refusing the Tribal Council's legitimate requests for financial information related to IMDG and its affiliates, despite the Tribal Council being the sole owner of IMDG. Defendants also advised the Lenders that the Tribal Council's appointment of an Interim Board constituted an Event of Default, wrongfully withheld IMDG's own agreements with the Lenders and other relevant information requested by the Tribal Council, the owners of IMDG.  Lastly, Defendants advised members of the Prior Board to transfer all IMDG lending businesses, assets, and jobs to an out-of-state tribe in effort to undermine

13

and conceal information from the IMDG Interim Board; and communicated with the Lenders regarding the validity of the appointment of the Interim Board, both before and after IMDG terminated Defendants as legal counsel, causing a continuation of the Event of Default.

### E.   Computation of Damages

1. **Economic damages of Plaintiffs:**  As a consequence of Defendants' conduct, the Plaintiffs have sustained and will continue to sustain notable economic losses. These losses encompass lost income -- both past and future -- as well as adverse effects on their professional paths. In addition, there are past and anticipated medical expenses attributable to the Defendants' conduct. While the exact amount of these economic damages has yet to be determined, it is intended to be calculated and presented during discovery.

2. **Non-economic damages of Plaintiffs:**  As a consequence of Defendants' conduct, Plaintiffs have suffered and will suffer psychological and emotional distress, humiliation, and mental and

14

physical pain and anguish, in a sum to be proven at trial.  These damages require no computation at this time.

3. **Punitive damages:**  Plaintiffs are seeking punitive damages in this action.  These damages require no computation at this time.

**D.     Pendency of Related State or Federal Litigation**

Plaintiffs are not aware of the pendency of related state or federal litigation.

**E.     Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings**

Upon meeting and conferring with Defendants, Plaintiffs agree with the mutually proposed date of March 4, 2024, as the deadline to join parties and amend pleadings.

**F.     Identification of Controlling Issues of Law Suitable for Pretrial Disposition**

Plaintiffs believe that after appropriate discovery, legal issues in this case may be subject to pretrial dispositive motions.

**G.     The Name and City and State of Current Residence of Each Individual known or believed to have information that may be**

**used in proving or denying any party's claims or defenses, and a summary of that information.**

1. **Plaintiff Jeffrey Stiffarm**, c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833. Mr. Stiffarm is the current President of Fort Belknap Community Council (FBCC) (the "Tribal Council"), and has knowledge of the Fort Belknap Indian Community's (the "Tribe") relationship with IMDG, and the events leading up to and following the events of January 19, 2023.

2. **Plaintiff Geno LeValdo**, c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833. Mr. LeValdo was a member of the Tribal Council, and has knowledge of the events leading up to and following the events of January 19, 2023. Mr. LeValdo also has knowledge concerning the termination of Greenberg Traurig and Jennifer Weddle's legal services in February 2023.

3. **Plaintiff Curtis Horn**, c/o Matt Law Office, 310 E Main, Cut

16

Bank, MT 59427, Telephone (406) 873-4833.  Mr. Horn was a member of the Tribal Council, and has knowledge of the events leading up to and following the events of January 19, 2023.

4. **Plaintiff Brian Wing**, c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833.  Mr. Wing was a member of the Tribal Council, and has knowledge of the events leading up to and following the events of January 19, 2023.

5. **Derek "Sam" Azure**, c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833.  Mr. Azure was a member of the Tribal Council, and has knowledge of the events leading up to and following the events of January 19, 2023.

6. **Evan Azure**, IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031.  Mr. Azure was appointed as IMDG Chief Executive Officer (CEO) in April 2023.  Mr. Azure has knowledge of the events leading up to his appointment as IMDG CEO.

7. **Dominic Messerly**, Mr. Messerly was a member of the Tribal Council and has knowledge of the events leading up to and

17

following the events of January 19, 2023.

8. **Warren Morin,** Mr. Morin was was a member of the Tribal Council and has knowledge of the events leading up to and following the events of January 19, 2023.

9. **Judith King**, c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833.  Ms. King is the sister of Tracy "Ching" King and the current Vice President of the Tribal Council.  Ms. King has knowledge of the events leading up to and following the events of January 19, 2023.

10. **Ben Speakthunder,** he was employed by Fort Belknap Indian Community as a Sergeant of Arms and then later as the Constuction foreman for Snake Butte Construction.  Mr. Speakthunder has knowledge of the events leading up to and following the events of January 19, 2023.

11. **Gary Lamere,** c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833.  Mr.  Lamere was employed as the Acting Chief of Police on January 19, 2023 and has

18

knowledge of the events leading up to and following the events of January 19, 2023.

12. **Felecia Messerly, Harlem, Montana, 406-353-2205.**  She has knowledge of the events leading up to and following the events of January 19, 2023.

13.  **Steve Fox,** c/o Matt Law Office, 310 E Main, Cut Bank, MT 59427, Telephone (406) 873-4833.  Mr. Fox was a council member on January 19, 2023 and has knowledge of the events leading up to and following the events of January 19, 2023.

14. **Terry Brockie**.  Mr. Brockie was the previous IMDG CEO and has knowledge regarding the legal services provided by Greenberg Traurig and Jennifer Weddle, IMDG's relationship to and interactions and communications with the Tribal Council, IMDG's relationship with its Lenders, and the events leading up to and following the events of January 19, 2023.

15. **Tracy "Ching" King**.  Mr. King was a former member of the Tribal Council, as well as a former member of the IMDG Board

19

of Directors.  Mr. King is the brother of FBCC Vice President Judith King.  Mr. King has knowledge regarding IMDG's relationship to the Tribal Council, IMDG's communications and interaction with the Tribal Council, the events leading up to and following the events of January 19, 2023, the formation of the Ad Hoc Executive Committee, and the communications with representatives of the Rosebud Sioux Tribe's Sicangu Corporation.

16. **Christopher "Smiley" Guardipee**.  Mr. Guardipee was a former member of the IMDG Board of Directors.  Mr. Guardipee has knowledge regarding IMDG's relationship to the Tribal Council, the events leading up to and following the events of January 19, 2023, the formation of the Ad Hoc Executive Committee, and the communications with representatives of the Rosebud Sioux Tribe's Sicangu Corporation.

17. **Dana Pyette,** Ms. Pyette is the former IMDG Chief Financial Officer.  Ms. Pyette has knowledge of IMDG's finances, including

the payments made to Greenberg Traurig and Jennifer Weddle.

Ms. Pyette also has knowledge of the debts and liabilities of

IMDG, including under the Lending Agreements with IMDG

Lenders.  Ms. Pyette also has knowledge of the events leading up

to and following the events of January 19, 2023.

18. **Delina Cuts the Rope**, c/o Matt Law Office, 310 E Main, Cut

Bank, MT 59427, Telephone (406) 873-4833.  Ms. Cuts the Rope is

the current FBIC Chief Administrative Officer and has

knowledge of the events leading up to and following the events

of January 19, 2023.  Ms. Cuts the Rope also has knowledge of the

communications and interactions between the Tribal Council and

IMDG.

19. **Jessica Stiffarm**, c/o Matt Law Office, 310 E Main, Cut Bank, MT

59427, Telephone (406) 873-4833.  Ms. Stiffarm is the current FBIC

Chief Documents Officer and has knowledge of the events

leading up to and following the events of January 19, 2023.  Ms.

Stiffarm also has knowledge of the communications and

21

interactions between the Tribal Council and IMDG and Tribal

Council and Jennifer Weddle.  Ms. Stiffarm also has knowledge

related to how the events of January 19, 2023 and thereafter have

affected Plaintiff Jeffrey Stiffarm.

20. **Catherine Aragon**, c/o Matt Law Office, 310 E Main, Cut Bank,

MT 59427, Telephone (406) 873-4833.  Ms. Aragon is the current

FBIC legal counsel and has knowledge of the events leading up

to and following the events of January 19, 2023.  Ms. Aragon also

has knowledge of the communications and interactions between

the Tribal Council and IMDG and Tribal Council and Jennifer

Weddle and Greenberg Traurig staff related to Tribal council

resolutions authorizing to loan documents and facility

documents.

21. **Denise Doney**, Former Personnel Director of IMDG.  Ms. Doney

participated in the discussions related to planning for the

January 19th meeting and meetings thereafter.  She was involved

in removing property from IMDG.

22

22. **Pete Stiffarm**, Former IT Director of IMDG.  Mr. Stiffarm participated in the discussions related to planning for the January 19th meeting and meetings thereafter.  He was involved in removing property from IMDG.

23. **Charlo Kirkaldie**, Former Human Resource Specialist.  Mr. Kirkaldie has knowledge of IMDG Executive committee meetings regarding January 19th and meeting thereafter regarding matters alleged in the complaint.

24. **Chris Biewer**, Former Director Online Lending.  Mr. Biewer participated in discussions with Jennifer Weddle, IMDG Board, and Executive staff regarding transferring assets to the Rosebud Sioux Tribe.  He also participated in discussions regarding board member terms.

25. **Ross McLinden**, Fomer Chief Compliance Officer.   Mr. McLinden participated in discussions with Jennifer Weddle, IMDG Board, and Executive staff regarding transferring assets to the Rosebud Sioux Tribe.  He also participated in discussions

23

regarding board member terms.

26. **Jackie Blackbird**, Former Chief Communication Officer.  Ms. Blackbird participated in discussions with Jennifer Weddle, IMDG Board, and Executive staff regarding transferring assets to the Rosebud Sioux Tribe.  She also participated in discussions regarding board member terms.

27. **Bobbi Werk**. IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031. Ms. Work is employed in IMDG finance. She has knowledge related to IMDG finances.

28. **Corey Fox**, IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031.  Mr. Fox is employed in the IMDG IT department and has knowledge related to the events in the complaint.

29. **James Flansburg**,  IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031.  Mr. Flansburg has knowledge related to IMDG board meeting and events leading up to January 19th meeting and events thereafter.

24

30. **Kenneth Helgerson**, Lodgepole MT, former IMDG Board Member.  Mr. Helgerson has information related to IMDG business and has knowledge related to IMDG board meetings and events leading up to January 19th meeting and events thereafter.

31. **Cindy Kilgore**, Acting CFO,  IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031.  Ms. Kilgore has knowledge of IMDG finances.

32. **Taylor McCabe,** IMDG, 353 Old Hays Rd, P.O. Box 470, Hays, MT. 59527, (406)673-3031.  Mr. McCabe has knowledge related to IMDG business, including IMDG board meetings and events leading up to January 19th meeting and events thereafter.

33. **Charmayne Healy**.  Ms. Healy has knowledge related to IMDG board meeting and events leading up to January 19th meeting and events thereafter.

34. **Jarret Azure,** Fort Belknap Indian Community Insurance, 656 Agency Main Street, Harlem, MT. 59526 (406)353-2205.  Mr.

25

Azure was for a period of time interim CEO of IMDG.  He has

knowledge related to IMDG board meeting and events leading

up to January 19th meeting and events thereafter.

35. **Phillip Shortman,** address unknown. Mr. Shortman has

knowledge related to IMDG board meetings and events leading

up to January 19th meeting and events thereafter.

36. **William Main,** P.O. Box 1052, Harlem, MT, 59526, 406-945-7349.

Mr. Main has knowledge related to IMDG board meetings and

events leading up to January 19th meeting and events thereafter.

37. **Dustin Monroe**.  Mr. Monroe has knowledge related to IMDG

board meeting and events leading up to January 19th meeting

and events thereafter.

38. **Michelle Fox**, Big Fire Law & Policy Group LLP, 1905 Harney

Street, Suite 300, Omaha, NE 68102.   Ms. Fox is the former CEO

of IMDG and former Consultant for IMDG.  Ms. Fox was also the

attorney at the time for the Siċaŋġu Corporation and **RL-FB**

**Holdings** and worked for Big Fire law firm.  Ms. Fox has

26

knowledge related to IMDG board meetings and events leading

up to January 19th meeting and events thereafter.

39. **Clay Colombe**, 27565 Research Park Drive, Mission, SD, 57555,

(605)856-8400. CEO of RL-FB Holdings.  Mr. Colombe has

knowledge of allegations in complaint related to attempts to

transfer Fort Belknap online lending business assets to the

Rosebud Sioux Tribe, and the activities leading up to this

decision.

40. **Oliver James Semans**., PO Box 194, Mission, SD. 57555, (605)856-

8400.  Mr. Semans has knowledge of allegations in complaint

related to attempts to transfer Fort Belknap online lending

business assets to the Rosebud Sioux Tribe and the activities

leading up to this decision.

41. **John Williams**, P.O. Box 701596, Tulsa, Oklahoma, 74170-1596

(918)732-9435. Mr. Williams is legal counsel to Lenders.  Mr.

Williams has knowledge of the loans and facility documents

between Lenders and the Fort Belknap Indian Community and

27

their online lending entities.  He also has knowledge about the alleged event of default and communications before and after January 19th with Jennifer Weddle and other Greenberg Traurig staff.

42. **Lender** c/o John Williams, P.O. Box 701596, Tulsa, Oklahoma, 74170-1596 (918)732-9435.  Owner of Lending company.  Lender has knowledge of IMDG's finances, knowledge pertaining to the default letter issued to IMDG, knowledge regarding attempted transfer of assets to the Rosebud Sioux Tribe, and knowledge of Jennifer Weddle's verbal communications regarding her former client, IMDG.

43. **Lender**  c/o John Williams, P.O. Box 701596, Tulsa, Oklahoma, 74170-1596 (918)732-9435.  Owner of lending company.  Lender has knowledge of IMDG's finances, knowledge pertaining to the default letter issued to IMDG, knowledge regarding attempted transfer of assets to the Rosebud Sioux Tribe, and knowledge of Jennifer Weddle's verbal communications regarding her former

28

client, IMDG.

44. **Clayton Johnson**, 614 Park Drive South, Great Falls, MT 59405,

(406) 205-4771. As auditor for Fort Belknap on-line lending

businesses and other businesses managed by IMDG, Mr. Johnson

has knowledge related to IMDG's finances.

45. **Darlene Azure**, 306 1st St. SW, Harlem, MT. 59527, 406-353-2573.

Ms. Azure has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Derek Azure.

46. **Joshua Felecia**, 1029 Custer Avenue, Hardin, MT 406-690-8519.

Mr. Felecia has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Derek Azure.

47. **Wynonna Azure**, Gallup, New Mexico, 406-399-293.  Ms. Azure

has knowledge related to how the events of January 19, 2023, and

thereafter have affected Plaintiff Derek Azure.

48.  **John Filesteel**, , P.O. Box 311,Hays, MT 59527, (406) 390-6213.

Mr. Filesteel has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Geno LeValdo.

49. **Colleen Filesteel**, P.O. Box 432 Hays, MT  59524, (406) 390-6670.

Ms. Filesteel has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Geno LeValdo.

50. **Tagen LeValdo**, P.O. Box 332, Harlem, MT 59524, (406) 301-2398.

Mr. LeValdo has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Geno LeValdo.

51. **Penny Hawley**, P.O. Box 346, Hays, MT 59527, (406) 301-1116.

Ms. Hawley has knowledge related to how the events of January

19, 2023, and thereafter have affected Plaintiff Geno LeValdo.

52. **Brook LeValdo**, P.O. Box 332, Harlem, MT 59524.  Ms. LeValdo

has knowledge related to how the events of January 19, 2023, and

thereafter have affected Plaintiff Geno LeValdo.

53. **Howard Gone**, General Delivery, Hays, MT, (406) 408-0183. Mr.

Gone has knowledge related to how the events of January 19,

2023, and thereafter have affected Plaintiff Jeffrey Stiffarm.

54. **Barbara Longknife**, General Delivery, Hays, MT, (406) 673-3504.

Ms. Longknife has knowledge related to how the events of

January 19, 2023, and thereafter have affected Jeffrey Stiffarm.

55. **Kelsey Stiffarm**, General Delivery, Hays MT, (406) 301-0527. Ms. Stiffarm has knowledge related to how the events of January 19, 2023, and thereafter have affected Plaintiff Jeffrey Stiffarm.

56. **Eva Walker**, 906 Route 8, Dodson, MT 59524, (406) 301-2964.  Ms. Walker has knowledge related to how the events of January 19, 2023, and thereafter have affected Plaintiff Brian Wing.

57. **Kathy Wing**, Lodgepole, MT (406) 461-0824 Ms. Wing has knowledge related to how the events of January 19, 2023, and thereafter have affected Plaintiff Brian Wing.

58. **Harold Edwin Main,** P.O. Box 1052, Harlem, MT, 406-353-5149. Mr. Main was an employee of Kwik Stop on January 19, 2023, and has knowledge of activities that took place at Kwik Stop after the meeting. He also was retaliated against for stating what he saw.

59. **Ed Street,** CPA, REDW, 7425 Jefferson St. NE, Albuquerque, NM 87109. (505) 998-3228, Has knowledge of what individuals

31

endured with obtaining financial records.

60. **Indian Health Service Medical** providers, (406) 353-3100.  These providers have knowledge related to how the events of January 19, 2023, and thereafter have affected Plaintiff Brian Wing.

61. **Defendant Jennifer Weddle**.  Ms. Weddle is an attorney with Greenberg Traurig and has knowledge regarding her and Greenberg Traurig's services and advice provided to IMDG, her billing practices, her relationship with the third-party Lenders, knowledge regarding the Lending Agreements between IMDG and the Lenders, IMDG's communications and interaction with the Tribal Council, and the events leading up to and following the events of January 19, 2023.

62. All Defendants' witnesses.

63. Foundation witnesses.

64. Rebuttal witnesses.

32

65. Plaintiffs reserve the right to add to this list as additional investigation and discovery reveal any other persons likely to have discoverable information pertaining to Plaintiffs' claims.

**H.    Substance of Any Insurance Agreement**

Defendants Greenberg Traurig and Jennifer Weddle are primarily covered under a policy provided by CNA/Columbia Casualty Company, Policy Number 198277147, in the amount of $7,500,000.  Defendants state they have additional insurance policies.

**I.    Status of any Settlement Discussions and Prospects for Compromise of the Case.**

The parties have not engaged in any settlement discussions as of the time of filing.  Prospects for compromise of the case and resolution of Plaintiffs' claims may be likely.

**J.    Suitability of Special Procedures**

Plaintiffs are not aware of any special procedures suitable to the resolution of their claims.

33

DATED this 16th day of January, 2024.

MATT LAW OFFICE, PLLC


By: */s/ Terryl Matt*
Terryl T. Matt, Esq.
Email: terrylm@mattlawoffice.com
310 East Main Street
Cut Bank, MT 59427
Telephone: (406) 873-4833
Fax No.: (406) 873-0744



DUROCHER & WINTER, P.C.


By: /s/  *Jeffrey Winter*
Jeffrey G. Winter, Esq.
118 6th Street South
P.O. Box 1629
Great Falls, Montana 59401
Telephone: (406) 727-4020
Facsimile: (406) 771-7319
Email: jwinter@mtlawyers.net

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was served this 16th day of January, 2024, via the

Court's ECF system upon:

Neil G. Westesen
Griffin B. Stevens
E. Lars Phillips
P.O. Box 797
Helena, MT 59624-0797
nwestesen@crowleyfleck.com
gstevens@crowleyfleck.com
lphillips@crowleyfleck.com

*Attorneys for Defendants*

/s/_____
Certifier

35